1   PHILLIP A. TALBERT
    United States Attorney
2   KIMBERLY SANCHEZ
    Assistant United States Attorney
3   2500 Tulare Street, Suite 4401
    Fresno, CA 93721
4   Telephone: (559) 497-4000
    Facsimile: (559) 497-4099
5
    Attorneys for Plaintiff
6   United States of America

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:21-CR-00222-ADA-BAM

                          Plaintiff,       STIPULATION REGARDING EXCLUDABLE
12                                         TIME PERIODS UNDER SPEEDY TRIAL ACT;
                 v.                        FINDINGS AND ORDER
13
    AMADO ESCOBEDO, JR. and                DATE: September 28, 2022
14  DOROTEA GONZALEZ                       TIME:  1:00 pm
                                           COURT: Hon. Barbara A. McAuliffe
15                        Defendants.

16

17          This case is set for a status conference on September 28, 2022.  The parties stipulate and request

18  the Court to order that the status conference be continued until January 11, 2023.  On May 13, 2020, this

19  Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until

20  further notice."   Under General Order 618, a judge "may exercise his or her authority to continue

21  matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611

22  issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's

23  discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-

24  by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the

25  request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

26  will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and

27  previous General Orders were entered to address public health concerns related to COVID-19.

28          Although the General Orders address the district-wide health concern, the Supreme Court has

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.

1  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2  pretrial continuance must be "specifically limited in time").

3  <center>**STIPULATION**</center>

4  Plaintiff United States of America, by and through its counsel of record, and defendants, by and

5  through defendants' counsel of record, hereby stipulate as follows:

6  1.  The parties need additional time to further investigate/explore matters related to resolving

7  the case or setting a trial date.  Additionally, Defendant Escobedo requested supplemental discovery and

8  will need time to review the discovery which will be provided soon.

9  2.  By this stipulation, defendants now move to continue the status conference, and to

10  exclude time from September 28, 2022 to January 11, 2023 under Local Code T4.

11  3.  The parties agree and stipulate, and request that the Court find the following:

12  a)  .The government has represented that the discovery associated with this case

13  includes investigative reports, and related documents in electronic form.  All of this discovery

14  has been either produced directly to counsel and/or made available for inspection and copying.

15  b)  The government does not object to the continuance.

16  c)  In addition to the public health concerns cited by the General Orders and

17  declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

18  ends-of-justice delay is particularly apt in this case because:

19  • Defendant's ability to prepare for trial or a plea has been inhibited by the public

20  health emergency;

21
22  • Defendant needs additional time to review discovery, and conduct additional

23  investigation; and

24  • The parties need additional time to investigate/explore matters related to

25  proceeding via plea or trial.

26
27  d)  Based on the above-stated findings, the ends of justice served by continuing the

28  _____
Cal. March 18, 2020).

case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 28, 2022 to January 11, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  September 23, 2022                    PHILLIP A. TALBERT
                                             United States Attorney

                                             /s/ KIMBERLY SANCHEZ
                                             KIMBERLY SANCHEZ
                                             Assistant United States Attorney


Dated:  September 23, 2022                    /s/ MONICA BERMUDEZ
                                             MONICA BERMUDEZ
                                             Counsel for Defendant
                                             Amado Escobedo, Jr.
Dated:  September 23, 2022                    /s/ PETER JONES
                                             PETER JONES
                                             Counsel for Defendant
                                             Doroteo Gonzalez

## **ORDER**

IT IS SO ORDERED that the status conference is continued from September 28, 2022, to **January 11, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **September 26, 2022**          _/s/ Barbara A. McAuliffe_

UNITED STATES MAGISTRATE JUDGE